IRVING, P.J.,
dissenting:
¶ 22. I agree with the majority that Davis’s conviction must be reversed because his indictment violated Mississippi Code Annotated section 97-17-70(3)(a) (Supp.2013). I also agree with Judge Maxwell that the jury was not properly instructed with respect to the charge of receiving stolen property. Further, I agree with Judge Maxwell that since Davis was tried and acquitted of the larceny charge, jeopardy has attached to the acquitted count. However, with all due respect to the majority and to Judge Maxwell, I cannot agree that Davis can be legally retried for receiving stolen property. Therefore, I dissent. I would reverse and render Davis’s conviction for receiving stolen property.
¶ 23. Section 97-17-70(3)(a) provides in pertinent part that “dual charges of both stealing and receiving the same property shall not be brought against a single defen *833 dant in a single jurisdiction.” In my judgment, it is noteworthy and dispositive of the issue in today’s case that the statute prohibits the bringing of dual charges in a single jurisdiction. Notice, the prohibition is not against bringing dual charges in a single indictment, but against bringing dual charges against a single defendant in a single jurisdiction. Therefore, prosecuting a single defendant in a single jurisdiction in separate trials — once for both larceny and receiving stolen property, and once for receiving stolen property only — is prohibited by the statute, as there is no way that Davis can be retried for receiving stolen property in Claiborne County, Mississippi, without becoming the victim of dual charges brought in a single jurisdiction. He has already been acquitted of one charge — larceny—brought against him in Claiborne County. Retrying him in Claiborne County on the charge of receiving stolen property would result in dual charges being brought against him in a single jurisdiction, which is prohibited by section 97-17-70(3)(a).
¶ 24. In my judgment, Judge Maxwell’s focus on dual convictions and dual punishments misdirects the argument. It ignores a critical fact to suggest, as he does, that “protection from double conviction and punishment is at the heart of both the statutory and common-law prohibition against prosecuting a single defendant for both receiving and stealing the same goods.” Con. Op. at (¶ 14). Be that as it may, by the plain wording of the statute, it is the bringing of dual charges that is prohibited, not the obtaining of dual convictions or punishments. I would see no need for the statutory enactment if it were simply the prohibition of dual convictions or punishments that the Legislature was taking aim at, as the double-jeopardy provisions of both our state and federal Constitutions take care of that.
¶ 25. For the reasons presented, I dissent. I would reverse and render Davis’s conviction for receiving stolen property, rather than send the case back for retrial.
BARNES, J., JOINS THIS OPINION.